Case 4:08-cv-00479-A   Document 14   Filed 10/23/08   Page 1 of 6   PageID 52

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2008 OCT 23 PM 3:45

CLERK OF COURT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| FLAVIO AGUIRRE,<br>    Individually | § § | CIVIL ACTION NO. |
|     Plaintiff,<br>v. | § § § | 4:08-CV-479-A |
| JOSE AGUIRRE d/b/a – Aguirre's Auto<br>Sales and Service | § § § § | |
|     Defendant. | | |

## PLAINTIFF'S BRIEF IN SUPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff files this his Brief In Support of Motion for Summary Judgment asking the Court to enter a final judgment against Defendant and in support thereof would show the court the as follows:

### I. SUMMARY

In accordance with Local Rule 56.3 (a)(1) Plaintiff would show the Court that this is a suit for damages arising under the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 206, 207, and 215 (a)(2) & (3). Specifically Plaintiff asserts, that he is a covered employee of Defendant who was his employer; and, that Defendant failed to pay Plaintiff's wages in compliance with 29 U.S.C. §§ 206, 207 and 215 (a)(2). Defendant seeks summary judgment on his claims; and, the elements necessary to establish a prima facie case of each are as follows:

Plaintiff asserted two alternate basis for FLSA coverage against the Defendants, employer coverage and covered employee application of FLSA. However, Plaintiff need only show that one of the two asserted basis apply in order to satisfy the jurisdictional coverage of the FLSA. Once Plaintiff establishes coverage he must also demonstrate

evidence of the amount of past wages due. See <u>Robertson v. Alaska Juneau Gold Mining Co., 157 F.2d 876, 878 (9th Cir.1946)</u>, cert. den., <u>331 U.S. 823, 67 S.Ct. 1314 91 L.Ed. 1839 (1947)</u>, vacated on other grounds, <u>331 U.S. 793, 67 S.Ct. 1728 91 L.Ed. 1821 (1947)</u>.

## II.

## FACTS

Plaintiff presented a sworn, verified Complaint (Exhibit A) and verifying affidavit attached hereto (Exhibit B) to establish that he is a covered employee under the FLSA and that Defendant has three entities as shown by Exhibit C that comprise a common enterprise that is a covered employer under the FLSA. Plaintiff would further show that while Defendant filed a letter with the court on October 1, 2008 he did not deny the allegations that Plaintiff is a covered employee, that he failed to pay overtime of the amount of hours alleged. Defendant has failed to file an answer. Plaintiff has presented unrefuted evidence of his wages and hours through Exhibits A and B. Attached as Exhibit D is an affidavit of fees and costs. The evidence presented established conclusively that the court has jurisdiction and the amount of back wages owed.

## III

## ARGUMENT & AUTHORITY

### FLSA Coverage

Employer coverage may be established by individual entity or by enterprise coverage under section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). The evidence shows that Defendant operates three entities at the location that Plaintiff was employed at, including Beast Performance and Aguirre's Garage (Exhibit C). Plaintiff has verified that the entities have common ownership and

locations as well as employees and customers. (Exhibit B)   Specifically all three entities have the same business purpose in that they are involved in the automotive industry including buying fixing up and selling used cars, improving automobiles and trucks for show and repairs of vehicles.  The vehicles were manufactured with parts from multiple states and countries and traveled across state lines to reach their market in Texas.  The parts used to repair and or improve the vehicles were delivered through interstate commerce and the final product, drivable automobiles were used on interstate roads.  These factors clearly establish that the enterprise of Defendant extends to and includes not only Aguirre's Auto Sales and Service but also Aguirre's Garage and Beast Performance and that this enterprise engaged in interstate commerce and on information and belief had combined revenues in excess of $500,000 annually.

Alternately as established by the verifying affidavit and complaint of Plaintiff the duties of Plaintiff Aguirre place him solidly in the category of a covered employee as he engaged in interstate commerce.  Specifically, Plaintiff was employed by Defendants as a mechanic.  He received parts through interstate shipping, installed them on vehicles that traveled on interstate highways, test drove vehicles on interstate roads, prepared vehicles for sale that would travel on interstate road and otherwise engaged in interstate commerce. 29 U.S.C. §§ 206-207.  Plaintiff was not employed by a motor carrier and his duties did not affect safety under Section 13b of the FLSA <u>Texas Farm Prods. Co. v. Williams, 406 S.W.2d 256, 259 (Tex.Civ.App.-Tyler 1966, writ ref'd n.r.e.)</u>, cert. denied, <u>388 U.S. 911, 87 S.Ct. 2116, 18 L.Ed.2d 1350 (1967)</u>. Accordingly,  Plaintiff was covered by the FLSA and is entitled to overtime pay for hours worked in excess of forty hours per week under the FLSA.

## Wages

Plaintiff has provided sworn verification that he routinely works in excess of 40 hours per week, specifically his work hours were 10.5 hours daily 6 days a week for 15 years with no vacation. The workweek did not fluctuate. The total weekly hours were 63 which equates to 23 hours per week of overtime. Plaintiff was not paid overtime for any hours he worked in excess of 40 in a workweek as required by law and in fact was paid a flat rate of $400 weekly which was often referred to by Defendant as $10 per hour. The regular rate is the hourly rate paid to employees for the normal, non-overtime work week for which they are employed. See Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 41, 65 S.Ct. 11, 13, 89 L.Ed.2d 29 (1944). Using $10.00 per hour the unpaid overtime is 23 hours times $10 hour times 1.5 which equals $345 weekly. Plaintiff worked 52 weeks a year and worked for Defendant during the entire period of the applicable limitations period.

The unrefuted allegations and evidence shows that Defendant' imposed working requirements of 52 weeks a year and 63 hours a week with no benefits, this alone should be sufficient to showed reckless disregard for the 40 hour per week limits in the FLSA and the overtime requirements, even if the employer acted from a misinterpretation of the FLSA. Cole v. Farm Fresh Poultry, Inc., 824 F.2d 923, 927 (11th Cir.1987); Nelson v. Alabama Inst. For Deaf & Blind, 896 F.Supp. 1108, 1113-14 (N.D.Ala.1995). As such the Plaintiff has shown that the violation to be willful by showing a reckless disregard for the 40 hour per week limits in the FLSA and the overtime requirements. The starting date of the period for which Cruz sought compensation is established by the fact that he filed suit on August 12, 2008 and his last day of employment was February 22, 2008. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132, 108 S.Ct. 1677, 1680-81, 100

L.Ed.2d 115 (1988). The total period in question is August 12, 2005 to his last day of employment with Defendant which was 132 weeks. Total unpaid overtime is 132 * $345 = $45540.00

## IV.

## CONCLUSION & PRAYER

In conclusion, because there are no genuine issues of facts raised in this case regarding whether Plaintiff in his capacity as an employee of Defendant was covered by the FLSA and that the Defendant did not pay overtime to Plaintiff in accordance with the FLSA and there is no genuine issues of fact regarding the amount of unpaid overtime wages Plaintiff respectfully asks that this Court grant Plaintiff's Motion for Summary Judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to plaintiff in the amount of $45540.00 and for liquidated damages in an equal amount; and

    b.  For an Order awarding the plaintiff the cost of this action which included filing and service fees of $435.00

    c.  For an Order awarding Plaintiff their attorney fees in the amount of $3000; and

    d.  For and Order awarding the Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For and Order granting such other and further relief as may be necessary and for such other and further relief to which he may be entitled at law or in equity.

Respectfully submitted,
Durkin Law Offices

By: _____
Joan M. Durkin
Texas Bar No. 06287030
669 Airport Freeway, Suite 107
Hurst, TX 76053

Tel. (817)545-9700<br>Fax. (817)545-5071

## CERTIFICATE OF SERVICE

A true and correct copy of Plaintiff's amended petition was been sent to Defendant by first class mail this 20th day of October, 2008.

_____